# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| STEVEN R. DELK, | ) | |
| Plaintiff, | ) | Civil Action No. 7:16cv00554 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRIAN MORAN, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Steven R. Delk, also known as Ja-Quitha "Earth" Camellia, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights while housed at the Red Onion State Prison ("ROSP"). This memorandum opinion will address Delk's motion for entry of default judgment, (dkt. 118), and the motions to dismiss by Safariland, LLC ("Defendant" or "Safariland"), (dkts. 144, 149). For the reasons that follow, I will dismiss Safariland as a defendant and deny the pending motions as moot.

On July 12, 2015, ROSP correctional officers used chemical spray against Delk. Delk later filed this lawsuit, asserting many claims, including two product liability claims against Safariland, Inc.

## I. Federal Products Liability Claims

Delk raises federal products liability claims directly under the Consumer Products Safety Act ("CPSA"). Compl. ¶ 139. However, a private cause of action is only allowed under the CPSA if a plaintiff alleges that an injury was caused by a defendant's knowing violation of a consumer product safety rule or other order issued by the Consumer Product Safety Commission. *See* 15 U.S.C. §§ 2053, 2072(a). To state such a claim, Delk must first identify a consumer product safety rule or order issued by the Commission because the "CPSA provides no express

private right of action for a consumer absent a violation of a 'consumer product safety rule,' as that term is defined by the Act." *Butcher v. Robertshaw Controls Co.*, 550 F. Supp. 692, 694 (D. Md. 1981). Plaintiff has not identified any consumer product safety rule violation by Safariland. Therefore, he fails to state a claim under the CPSA, and I will dismiss the federal claims against Safariland. *See* 28 U.S.C. 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted.").

## II. Supplemental Jurisdiction

I have determined that Delk fails to state a federal claim against Safariland. However, I could exercise supplemental jurisdiction over his state law claims.[1]

Where district courts have original jurisdiction, they shall exercise supplemental jurisdiction over related claims. 28 U.S.C. § 1367. However, the district courts may decline to exercise supplemental jurisdiction if the "district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (Trial courts have "wide latitude in determining whether or not to retain jurisdiction

---

[1] No original jurisdiction for the state law claims exists. First, the remaining claims do not arise under the Constitution or federal law—they regard matters of state law. *See* 28 U.S.C. § 1331 (establishing federal question jurisdiction). Second, Delk has not established diversity jurisdiction. Diversity Jurisdiction exists when the matter in controversy exceeds $75,000 and the parties are completely diverse. 28 U.S.C. § 1331(a). (1) Plaintiff has not sought more than $75,000 from Safariland as relief, (2) Delk cannot aggregate damages to reach the $75,000 threshold because Safariland's liability to Delk is separate and distinct from the other defendants, and (3) Plaintiff failed to list the citizenship of all members of the limited liability company. *See* Compl. 32-33 (requesting $20,000 in compensatory damages and $50,000 in punitive damages against Safariland (then listed as John Doe)); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1263 n.7 (11th Cir. 2000) ("Claims against multiple defendants can only be aggregated when the defendants are jointly liable to the plaintiff."); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (limited liability companies are assigned the citizenship of its members); *VA C 12266 Jefferson, L.L.C. v. Mattress Warehouse Inc.*, No. 4:14cv34, 2014 WL 5311453, at *3 (E.D. Va. Oct. 16, 2014) ("to sufficiently allege the citizenships of an LLC, a party must list the citizenships of all the members of the limited liability company") (alterations, internal quotation marks, and citation omitted).

over state law claims when all federal claims [against a defendant] have been extinguished."). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* "Generally, when the federal claim is dismissed before trial, the balance of factors to be considered in determining whether to exercise supplemental jurisdiction—judicial economy, federal policy, and comity—point toward declining jurisdiction over the remaining state law claims." *Clark v. Merck & Co., Inc.*, No. 2:06-00589, 2006 WL 2572080, at *2 (S.D. W.V. Sept. 5, 2006) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

Upon the court's review, these factors weigh in favor of dismissal of Delk's state law claims against Safariland. Accordingly, I decline to exercise supplemental jurisdiction over Plaintiff's state law products liability claims and dismiss them without prejudice. *See Price v. Milmar Food Group, L.L.C.*, No. 17-13011, 2018 WL 4346688, at *4 (E.D. Mich. July 16, 2018) (declining to exercise supplemental jurisdiction over state products liability claim when plaintiff failed to state a federal claim against defendant); *Walker v. Schriro*, No. 11 Civ. 9299, 2013 WL 1234930, at *16 (S.D.N.Y. March 26, 2013) (holding same, citing "the markedly distinct nature of the state law [products liability] claims as compared to Plaintiff's [remaining] federal [constitutional] claims"); *Keeler v. Chang*, No. 4:15CV19, 2015 WL 10690451, at *4 (E.D. Va. Aug. 28, 2015) (declining to exercise jurisdiction over state law claims where federal claims against that defendant had been dismissed); *Lucas v. Brake*, No. 5:12CV735, 2013 WL 3197073, at *5 (E.D.N.C. June 21, 2013) (dismissing federal law claims against a defendant, but exercising supplemental jurisdiction over the state law claims against that defendant *because the state law*

3

*claims formed part of the same case or controversy as pending federal claims against other defendants*.).

Accordingly, I will dismiss Defendant Safariland, LLC from this action without prejudice. I will deny as moot Delk's motion for default judgment, (dkt. 118), and Safariland's motions to dismiss, (dkts. 144, 149).

An appropriate order will be entered this day.

**ENTER** this 15th day of February, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE