IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STEVEN R. DELK, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:16cv00554 |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| BRIAN MORAN, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Steven R. Delk, also known as Ja-Quitha "Earth" Camellia, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights while housed at Red Onion State Prison ("ROSP"). This memorandum opinion will address Delk's motion for reconsideration. Dkt. 143. The motion seeks reconsideration of the order denying his preliminary injunction. *See* dkts. 95, 137. For the reasons that follow, I will deny the motion.

A court may amend or alter a judgment under Rule 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchison v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "Importantly, however, a Rule 59(e) motion for reconsideration may not be used to 'reargue the facts and law originally argued in the parties' briefs.'" *Projects Mgmt. Co. v. DynCorp Int'l, L.L.C.*, 17 F. Supp. 3d 539, 541 (E.D. Va. 2014) (quoting *United States v. Smithfield Foods*, 969 F. Supp. 975, 977 (E.D. Va. 1997)). This standard is narrowly construed, as a Rule 59(e) motion is "'an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1993) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)); *see Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e) it

should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.").

In the order denying injunctive relief, I determined:

> Delk seeks prospective relief for a risk of harm that is speculative at best. Delk's motion primarily addressed conduct that occurred in the past, which he uses as a basis to assert theoretical future injury. The mere possibility of additional harm . . . does not suffice to support the grant of a preliminary injunction.

Order, dkt. 137. Delk now asserts arguments identical to those in his initial motion: general fear of returning, psychological trauma, and fear that the defendants would harm him again. Delk merely reargues facts and law stated in the prior motion. The risk of harm is still speculative and does not suffice to support the grant of a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008) (holding the "possibility" of future harm is "too lenient" a standard to establish irreparable injury). Therefore, Delk is not entitled to relief under Rule 59(e): there has been no intervening change in controlling law, new evidence, a clear error of law, or manifest injustice. Accordingly, it is hereby

**ORDERED**

that Delk's motion for reconsideration, dkt. 143, is **DENIED**.

The Clerk of the Court is directed to send a copy of this order to the parties.

**ENTER:** This 27th day of February, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE